JUAN SUÁREZ PÉREZ, demandante y apelante, *v.* JOSÉ SUÁREZ GARCÍA, demandado y apelado.

No. 6511.—*Sometido:* Diciembre 18, 1933. *Resuelto:* Enero 23, 1934.

*H. Torres Solá,* abogado del apelante; *Ramón P. Rodríguez,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 18 de diciembre último se oyó a los abogados de ambas partes sobre una moción de desestimación presentada el 2 de dicho mes por la parte apelada y sobre otra de oposición y solicitud de nuevo término archivada por la parte apelante el mismo día 18.

De los autos resulta que la apelación se interpuso el 12 de septiembre de 1933; que a gestión de la parte apelante el término para radicar la transcripción del récord se le fué prorrogando primero hasta el 27 de octubre, luego hasta el 12 y por último hasta el 21 de noviembre, 1933. Como la nueva solicitud de prórroga se archivara el 23 de noviembre, fué denegada por no ser susceptible de prórroga un término que ha vencido.

Así las cosas, se radicó la moción de desestimación, sin que a la fecha de su representación ni a la de su vista la transcripción se hubiera archivado.

¿Qué razones aduce la parte recurrente para justificar su actuación? Alega que desde que interpuso el recurso encomendó a la Lawyer's Cooperative Agency of Public Stenog-

raphers la preparación del transcript que se compone de setenta y seis páginas en maquinilla y fué remitida en octubre 16, 1933, al abogado de la parte apelada para su examen y certificación sin que pudiera entregársele hasta noviembre 2 siguiente por no haberse encontrado hasta esa fecha. Que el propio día 2 de noviembre el abogado de la parte apelante acusó recibo de ella en una carta que en parte dice: "Estoy revisando la transcripción y noto que ha copiado todo el caso por lo que no podré devolvérsela seguido."

Como en efecto no la devolviera, volvió a escribirle el abogado de la apelante el 14 de noviembre, 1933, diciéndole que había solicitado y obtenido una prorróga en el Supremo hasta el 21 de noviembre;

"6.—Que a la carta . . . contestó por teléfono el Sr. Rodríguez Alberty al que suscribe, que no había podido cotejar el récord porque los autos no estaban entonces en Secretaría y los tenía el taquígrafo Gandía; pero que no tuviera cuidado, que él me daría las prórrogas que necesitara.

"7.—Que el abogado que suscribe creyó de buena fe en el ofrecimiento del abogado del demandado, de que certificaría la transcripción y que daría las prórrogas necesarias para radicarla.

"8.—Al vencer la prórroga que terminaba en 21 de noviembre de 1933, el demandante apelante preparó una nueva moción de prórroga para la cual el demandado, con fecha 22 de noviembre de 1933, prestó su conformidad firmando al pie de la misma.

"9.—Que el señor Rodríguez Alberty, abogado del demandado José Suárez García, retuvo en su poder la transcripción de autos de este caso, hasta después de haber vencido la prórroga que terminaba en 21 de noviembre de 1933 . . . trayendo dicha transcripción de autos al abogado que suscribe, a su oficina en San Juan, el día 22 de noviembre de 1933, después de vencido dicho término, y exigiendo entonces que se adicionara a ella, como requisito para certificarla:

"A.—Oposición a la solicitud de permiso para radicar demanda enmendada.

"B.—Oposición del demandado a que se expidiera un *injunction.*

"C.—Resolución de la Corte, de 17 de mayo de 1932 a una moción eliminatoria.

"10.—Que no obstante no tener importancia alguna dichos documentos para discutir la apelación de este caso, en que se trata de

una sentencia dictada sobre excepciones previas, donde sólo se puede discutir la suficiencia de la demanda, el abogado que suscribe se avino a adicionar al récord dichos documentos, a fin de que no hubiere obstáculo por parte del abogado del demandado, para certificar dicha transcripción.

"11. Que la transcripción de este caso no fué radicada antes del día 21 de noviembre de 1933, porque el abogado del demandado apelado la retuvo en su poder, veinte días, o sea desde el 2 al 22 de noviembre de 1933, bajo el ofrecimiento de certificarla una vez que la cotejase, cosa que no hizo el abogado del demandado apelado, y se ha negado a hacer.

"12.—Que en vista de la conducta del abogado del demandado en este caso, el que suscribe ha solicitado la certificación de la transcripción de autos por el Secretario de la Corte de Distrito de San Juan, con lo cual ha tenido dificultades debido a que la transcripción de autos de este caso comprende 76 folios que a razón de a veinte centavos por cada folio, de acuerdo con el apartado letra 'Q' de la Ley Número 17 de la Asamblea Legislativa de Puerto Rico, aprobada en 11 de marzo de 1915, sólo vale en derechos $15.20, mientras que el Secretario de la Corte de Distrito, cobrando a razón de a veinte centavos por cada cien palabras, quiere cobrar por la transcripción $34.20, o sea alrededor del doble de los derechos que entiende el apelante debe pagar.

"13.—Que en vista del desacuerdo entre el Secretario de la Corte de Distrito de San Juan, y del abogado que suscribe, en cuanto al cobro de los derechos de certificación de la transcripción de autos en este caso, con fecha 15 del corriente diciembre, el demandante apelante consignó en poder del Secretario de la Corte de Distrito de San Juan, Sala Civil, la cantidad de $34.20, acompañada de la transcripción de autos original . . ."

Siendo lo ocurrido después de la carta de noviembre 14, según el abogado de la parte apelada, lo que sigue:

"7.—En 14 de noviembre de 1933 recibí una carta del Sr. Torres Solá recordándome la transcripción y al encontrarme con dicho compañero en el edificio de la Corte de Distrito de San Juan al siguiente día le recordé nuestra conversación anterior y le dije, además, que de aquella transcripción había que eliminar casi la mitad de lo que había copiado el taquígrafo por innecesario y agregarle tres alegaciones esenciales que había omitido y cuya nota le dí, quedando en que mandaría a buscar la transcripción del caso.

"8.—Así las cosas, dí órdenes a mi taquígrafa para que tan pronto enviara el Sr. Torres Solá por la transcripción se le entregara y al darme cuenta de que el Sr. Torres Solá se había olvidado de la transcripción, en 21 de noviembre de 1933 lo llamé por teléfono sin conseguirlo, y encontrándome el mismo día por la tarde en la calle Allen en San Juan con él le llamé su atención y quedamos que al siguiente día, toda vez que yo tendría que volver a San Juan, le llevaría la transcripción y, cumpliendo lo prometido, en dicho día o sea el 22 de noviembre de 1933 se la entregué personalmente en su oficina para arreglarla, habiéndome propuesto el que no le quitáramos nada y adicionáramos lo que yo pedía y solicitáramos conjuntamente una prórroga del Supremo.

"9.—Entonces le objeté que el Supremo no le concedería tal prórroga por ser solicitada fuera de término, pero que yo estaba dispuesto a darle una prórroga, a pesar de que mi cliente me urgía que le terminara su caso por lo viejo que era y puesto que en el mismo había un embargo con prohibición de enajenar. El Sr. Torres Solá insistió en que la prórroga se hiciera por escrito y entonces firmamos una moción solicitando una prórroga hasta el día 30 de noviembre de 1933, plazo que él mismo puso.

"10.—Y, en efecto, este Hon. Tribunal con fecha 23 de noviembre denegó dicha prórroga, pero el abogado que suscribe, cumpliendo su palabra de caballero, no solicitó la desestimación de la apelación antes del 30 de noviembre de 1933, o sea durante el período comprendido por la prórroga."

La transcripción fué archivada finalmente el 2 de enero actual.

█ Que no se cumplió con la ley y con las reglas de la corte en la tramitación de su recurso por la parte apelante, es evidente, y que siendo ello así puede desestimarse el recurso, también lo es.

█ La cuestión a resolver consiste en si las razones alegadas por el abogado de la parte apelante son suficientes para que esta corte en el ejercicio de su discreción conceda el nuevo término solicitado o, dado lo acaecido posteriormente, dé por concedido dicho nuevo término y permita que la transcripción quede archivada en los autos.

El hecho de que el término para radicar la transcripción se dejara fenecer sin pedirse su prórroga en tiempo, es im-

putable enteramente al abogado del apelante aun aceptando como cierto todo cuanto expresa en su moción de impugnación y solicitud de nuevo término.

Sería difícil resolver cuál de los abogados es el que dice por completo la verdad, pero es lo cierto que la moción de desestimación no fué presentada hasta el 2 de diciembre, 1933, después de vencida la prórroga a que se avino la apelada que se concediera al apelante y que esta corte negó, y que negada dicha prórroga desde noviembre 24 nada hizo el apelante que entonces pudo solicitar el nuevo término en vez de la prórroga.

Además la moción de desestimación de 2 de diciembre no se vió hasta el 18 de dicho mes habiendo estado al alcance de la parte apelante archivar antes de la vista la transcripción certificada por el Secretario de la corte de distrito y habiéndolo dejado de hacer por el solo motivo de no estar dispuesto a abonar al secretario la suma por él exigida de acuerdo con la ley y la jurisprudencia. La sección 2, letra "Q" de la Ley No. 17 de 1915 que invoca la apelante y que fija la suma de veinte centavos por folio no se puede aplicar aisladamente porque entonces quedaría al arbitrio de la parte interesada la inclusión en cada folio de cualquier número de palabras. Hay que hacerlo relacionándola con la sección 2736 de la compilación de 1911 que establece la regla de que "un folio consistirá de cien palabras, o de un número menor de ellas que pase de cincuenta," que es la misma que se aplica generalmente en los Estados. Véase 26 Corpus Juris 746.

Bajo esas circunstancias y tratándose además de un pleito que se inició desde hace más de ocho años, en el que la demanda se enmendó unas tres veces y en el que la sentencia se dictó finalmente sobre las alegaciones pudiendo haberse elevado una transcripción que pudo ser mucho más breve que la elevada dentro del término de ley sin necesidad de prórroga alguna, no nos sentimos justificados en ejercer nuestra discreción en favor de la apelante y en contra de la apelada.

Quizá pudiera consignarse como razón adicional para ello que habiendo tenido tiempo más que suficiente el apelante para adelantar su alegato y para tratar de convencer al tribunal de que tiene una causa claramente meritoria para sostener su apelación, ni siquiera ha intentado hacerlo así.

*Debe negarse la solicitud de nuevo término y desestimarse el recurso.*